

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**ENTERED**
**10/18/2010**

| | | |
|---|---|---|
| IN RE: § | | |
| MICHAEL GIVENTER § | CASE NO: 05-71496 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| STATE FARM MUTUAL AUTOMOBILE § | | |
| INSURANCE COMPANY, *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-1027 | |
| § | | |
| MICHAEL GIVENTER, *et al* § | | |
| Defendant(s) § | | |

### MEMORANDUM OPINION AND ON MOTION FOR AUTHORIZATION TO DISTSRIBUTE FUNDS (docket no. 806)

On this day came on for consideration the Motion of J. & D. & C. & H. ("Movant") for Authorization for Functional Pain Center, LP to Distribute Funds (docket #806). The Court, having heard the evidence and arguments of counsel, finds that the Trustee is entitled to receive disbursement.

### BACKGROUND

On May 29, 2009, as part of her Settlement Agreement with the Trustee in the Giventer bankruptcy (Main Case No. 05-71496), Defendant Julia Shvabskaya ("Defendant") assigned "any and all ownership interests, including stock, membership, limited partnership, or other equity in. . . Open Diagnostic Imagining, Inc. ("Open Diagnostic"). Open Diagnostic Imaging, Inc. owns 37.5% of Functional Pain. Therefore, after the Settlement Agreement, the Trustee, as administrator of the Giventer bankruptcy estate, in effect owned a 37.5% interest in Functional Pain.

On December 13, 2009, Movant filed a similar motion to the one before the court, seeking distribution of funds on behalf of Functional Pain to the partners. By order dated January 27, 2010, the Court granted the motion to make a pro rata disbursement of profits to Functional Pain partners. No further distributions were made.

On August 12, 2010, the Court approved a Settlement Agreement between the Trustee and Igor Kozlik ("Kozlik"), in which the Trustee agreed to convey "Open Diagnostic's interest in any of the defendant partnerships to Global Portal, Inc." On August 16, 2010, Movant filed the Motion to Distribute currently before the court. The Motion seeks permission to distribute $20,625.00 from Functional Pain to Open Diagnostic, "Michael B. Schmidt, Chapter 7 Trustee as successor to Julia Shvabskaya." Movant alleges in his motion that the distribution is warranted because he "diligently and successfully" managed Functional Pain Center. The requested distribution is of income earned by the partnership. On August 26, 2010, Kozlik filed an Objection to the Motion, arguing that the funds due to Function Pain should be distributed to him based on the August 12, 2010, Settlement Agreement because Global Portal is now the record owner of Open Diagnostic.

## DISCUSSION

The partnership agreement controls the rights and obligations of the limited partners. *Parker County's Squaw Creek Downs, L.P. v. Watson,* 2009 Tex. App. LEXIS 2206 at *8 (Tex.App.—Fort Worth, 2009)(pet. den.). If the partnership agreement is silent on a relevant issue, then courts may rely on the Texas Limited Partnership Act. *Bird v. Lubricants, USA, LP*, 2007 Tex.App. LEXIS 7110 at *12 (Tex. Ct. App. Fort Worth 2d Dist. 2007)(pet. den.). As noted by the Texas Court of Appeals:

> When, as here, the relationship among partners is governed by a written partnership agreement, the agreement governs the rights of the parties. We

> construe both the Partnership Agreement and the Assignments under the law of contracts. When a contract is unambiguous, we construe it as a matter of law. We give effect to the parties' intentions as expressed in the writing alone because it is objective, not subjective, intent that controls. We give terms their plain, ordinary, and generally accepted meaning, and we examine and consider the entire writing in an effort to harmonize and give effect to all its provisions so that none will be rendered meaningless. Further, if the partnerships agreement is silent on a matter, we look to the Texas Revised Partnership Act. . . for guidance.

- - *Bird v. Lubricants, USA, LP, supra*. at *11-12 (citations omitted).

The Functional Pain Operating Agreement provides that that income or gain is distributed on a pro rata basis according to the days in the particular period that ownership is attributable. See, Article 5.04(a) of the Functional Pain Operating Agreement. Here, the Trustee was the limited partner from the last distribution date of January 27, 2010, to August 12, 2010. Movant filed his Motion on August 16, 2010. The Trustee is therefore entitled to receive on behalf of Diagnostic Imaging the per diem amount of distribution for all but four days of the distribution period.

Kozlik argues that another section of the Operating Agreement applies, Article 5.04(b), which governs distribution of assets of the partnership and provides that they are distributed according to ownership on the date of distribution of the asset. The plain meaning of the Operating Agreement indicates that distribution of income or gain is treated differently from distribution of assets The Operating Agreement intends two different types of distribution. Kozlik's theory would render Article 5.04(a) of the Operating Agreement meaningless. The Court finds that Article 5.04(a) controls in this situation because the Movant seeks to distribute income or gain, not assets.

## CONCLUSION

For the reasons stated above, the Court finds that the Functional Pain Operating Agreement directs that the distribution proposed in the Motion should be made on a pro rata

basis according to the amount of time each party had ownership.

It is therefore ORDERED that the Motion of J. & D. & C. & H. for Authorization for functional Pain Center, LP to Distribute Funds (docket #806) is hereby GRANTED.

It is further ORDERED that Functional Pain Center, LLP shall distribute the funds as set forth herein, with the calculation accounting for the time that Open Diagnostic's interest was transferred to Global Portal, Inc., as of the date the Settlement Agreement was approved, August 12, 2010.

It is further ORDERED that Michael Schmidt, Chapter 7 Trustee shall prepare an order in accordance with this Memorandum Opinion and submit it within ten days from the date below.

SIGNED 10/18/2010.

Richard S. Schmidt
United States Bankruptcy Judge